# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

SUNCAST CORPORATION, an
Illinois corporation,

        Plaintiff,

v.

CORE INNOVATIONS, LLC, a
California limited liability company,

        Defendant.
_____/

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, TRADEMARK DILUTION, UNFAIR COMPETITION AND CANCELLATION OF TRADEMARK REGISTRATION**

Plaintiff Suncast Corporation ("Suncast") sues Defendant Core Innovations, LLC ("Core Innovations"), for violations of the Act of July 5, 1946, ch. 540, Pub. L. 79-489, 60 stat. 427, as amended ("Lanham Act"), 15 U.S.C. § 1051, *et seq.*, and related counts, and states as follows:

## NATURE AND SUBSTANCE OF ACTION

1. This is an action for Trademark Infringement pursuant to § 32(a)(1) of the Lanham Act, 15 U.S.C. § 1114(a)(1); False Designation of Origin pursuant to § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); Trademark Dilution pursuant to § 43(c) of the Lanham Act 15 U.S.C. § 1125(c); Cancellation of the Defendant's Trademark Registration pursuant to § 37 of the Lanham Act, 15 U.S.C. § 1119; and Unfair Competition under the laws of Illinois.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to §§ 37 and 39 of the Lanham Act, 15 U.S.C. §§ 1119, 1121; and 28 U.S.C. §§ 1331, 1338 and 1367, as this action arises

under the trademark laws of the United States. This court has supplemental jurisdiction over Plaintiff's common law claim for Unfair Competition under the laws of Illinois.

3. This Court has personal jurisdiction over Defendant Core Innovations by virtue of its advertising, distribution and sale of the accused infringing products as constituting intentionally tortious acts having effects in Illinois, pursuant to 735 Ill. Comp. Stat. 5/2-209(a)(1) and (2); and also under 735 Ill. Comp. Stat. 5/2-209(c). The Defendant's advertising and sales of infringing goods is also occurring through national retailers, including Amazon and Wal-Mart, who advertise and sell the infringing goods to consumers across the country and may have sold such goods into this District; the Plaintiff may require jurisdictional discovery as to the fact of the sale of infringing goods within this jurisdiction. Defendant's website is accessible to people within this District, and the Defendant is actively infringing the SUNCAST® Mark, harming Suncast, with the consequences being centered in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and (d), because Defendant, or its agents, may be found in this District, and a substantial part of the events giving rise to Suncast's claims are believed to have occurred in this District.

## PARTIES

5. Suncast is a corporation formed and existing under the laws of Illinois since 1984, having its principal place of business at 701 North Kirk Road, Batavia, Illinois 60510. It is a manufacturer and distributor of products for the home, lawn and garden, as well as products for commercial use.

6. Defendant Core Innovations, LLC is a California limited liability company, formed on May 10, 2020, with a listed address at 920 Malcolm Avenue, Los Angeles, California 90024. Its type of business is listed as import and export. It promotes the sale of electronic products and accessories.

## BACKGROUND

7. Since 1984 Suncast has enjoyed exclusive use of the SUNCAST® trademark in interstate commerce. Suncast is the owner of numerous U.S. trademarks for the SUNCAST® mark registered with the United State Patent and Trademark Office ("USPTO"). Three of its registrations are incontestable: U.S. Reg. No. 2,085,417, U.S. Reg. No. 2,232,821, and U.S. Reg. No. 3,453,575. Copies of these registrations are attached as Composite Exhibit "A" hereto. Suncast is also the owner of SUNCAST® trademarks in Canada, China, Australia, the European Union and throughout the Caribbean.

8. Suncast is a leading manufacturer of commercial and residential products. Manufacturing outdoor products since the early 1980's, Suncast products are sold through every major retailer in the United States. Suncast has sold millions of outdoor related products, including, without limitation, plastic, metal and wood products and structures including: outdoor furniture such as outdoor cabinets, chairs, benches and tables; patio accessories; outdoor structures such as gazebos, arbors, pergolas, pavilions, playhouses, pool houses and sun houses; carts; sheds; deck boxes; planters; edging and fencing; garden scooters; garden stations; pet products such as dog houses, pet feeders; storage sheds and accessories; hose reels and decorative hose reels, to name a few.

9. Suncast holds a significant share of the market with respect to the products identified in Paragraph 8 above, and its name and reputation is well known to the public as its products are sold

through major retailers such as Wal-Mart, Target, Home Depot, Lowe's, Sears, and Ace Hardware, all of which sell and promote products bearing the SUNCAST® Mark.

10. Suncast's innovative products are the subject of over 600 patents which have issued or are pending in the United States, Canada, Mexico, China and the European Union. Suncast's home and garden products are exemplified in the screen shot of its website **www.suncast.com**, as shown in Exhibit "B" Composite, attached. In the last ten years alone, Suncast has sold over 160 million products with respect to the products identified in Paragraph 8 above, which prominently display the SUNCAST® Mark directly on the product as well as on all packaging, instructions manuals, and warranty cards.

11. Suncast products are most commonly directed to outdoor use, namely lawn and garden environments especially outdoor patios. Such products are included in the registration of the SUNCAST® trademark, U.S. Reg. No. 4,817,443, issued on September 22, 2015, and attached hereto as Exhibit "C". As seen in Exhibit "C", Suncast's first use in commerce for these products occurred decades before the issuance of its '443 Registration.

12. Defendant Core Innovations has adopted the mark SUNCAST in connection with the distribution; sale; offering for sale; and advertising of outdoor TVs. In so doing, the defendant actively promotes its outdoor TVs for use in lawn and garden settings, open patios, and backyard areas of residences and depicts related outdoor furniture and accessories as part of a "comfortable living environment."

13. A screen shot of Core Innovations' website at **www.suncastav.com** is shown in Exhibit "D", attached. The Defendant prominently states on its website: "We Are Suncast", reproduced below:



At other locations on its website, it conveys the clear impression of SUNCAST referencing its corporate identity.

14. The WHOIS search for Core Innovations' internet domain, **www.suncastav.com**, attached as Exhibit "E" hereto, discloses the domain was created on August 27, 2020. Search results on the "Wayback Machine" at www.archive.org do not indicate when the website initially displayed its pages.

5

15. On November 17, 2020, the USPTO issued a registration to Core Innovations, LLC for the mark SUNCAST on the Principal Trademark Register. The identified goods list: audio speakers; soundbar speakers; television monitors; television sets; televisions and monitors; wireless speakers; wireless indoor and outdoor speakers. The Registration, attached hereto as Exhibit "F", claims a date of first use in commerce as March 1, 2020.

16. In late April, 2021, Suncast became aware of the existence of actual confusion arising from Core Innovations' use of SUNCAST for branding its outdoor TVs, creating a false impression of origin, sponsorship or affiliation between the parties. Suncast was contacted by an individual seeking parts to a television. Suncast has also determined the presence of further confusion among major retailers Walmart and Amazon, which have associated Core Innovations' outdoor TV products with the multitude of genuine Suncast products, displayed and promoted on their respective websites.

17. On [www.amazon.com](www.amazon.com), a search of the terms "suncast outdoor tv", "suncast tv", and "suncast" directly connects and associates the Defendant's TVs with Suncast's outdoor products, as shown in the attached Exhibit "G". For Walmart's online store, the search term "suncast outdoor tv" directly connects and associates the Defendant's product with Suncast's outdoor products. The same occurs if the search term is simply "suncast tv". The Amazon.com listing for Core Innovation's 65in. Outdoor TV, attached as Exhibit "H", identifies the product as "Brand: Suncast", where those words include a hyperlink. The Core Innovation's 65in. Outdoor TV listing also shows that the product was first available on Amazon.com on March 15, 2021. The hyperlink identifying Core Innovation's TV as "Brand: Suncast" directs users to the Suncast product page, attached hereto as Exhibit "I".

18. Suncast is actively continuing its investigation into the advertising and promotional activities of the Defendant, and the marketplace confusion which has already begun.

6

19. It presently appears that Defendant Core Innovations independently utilizes the words and/or logo



to brand electronic products which it promotes and sells, such as computer monitors; laptop computers; mounts and mounting brackets adapted for televisions; tablet computers; television and video converters; television monitors; television sets; video projectors; cable television converters; and television antennas. Attached hereto as Exhibit "J" are webpages of the Defendant at the website www.coreinnovationsinc.com, showing some of these products branded only with the mark shown above. The WHOIS record for this site, attached hereto as Exhibit "K", shows its creation date as May 22, 2020. The Defendant has applied for a U.S. trademark registration for this mark, as shown in Exhibit "L", attached hereto.

20. Core Innovations' use of Suncast's name and mark trades on the fame of Suncast's trademarks to lure customers based on their familiarity with Suncast and its products.

**COUNT I**
**(Federal Trademark Infringement)**

21. This Count alleges Trademark Infringement in violation of 15 U.S.C. § 1114. Suncast incorporates the allegations in Paragraphs 1 through 20, above, as if alleged herein.

22. Since long prior to the actions of Core Innovations alleged herein, Suncast has established common-law rights and held multiple, incontestable U.S. Trademark Registrations for its SUNCAST® Mark.

23. The SUNCAST® Mark is inherently distinctive, arbitrary, and has acquired secondary meaning. The public associates the SUNCAST® Mark exclusively with Suncast. This is a result

of the inherent distinctiveness of the mark and the distinctiveness acquired through extensive advertising, sales, and use in commerce, throughout the United States, and beyond, in connection with the lawn and garden products bearing the mark.

24. Despite these well-established rights, Defendant has used and continues to use, without Suncast's authorization, a false designation that is identical to the SUNCAST® Mark.

25. Defendant's infringing use of the SUNCAST® Mark is likely to confuse or deceive the purchasing public into believing, contrary to fact, that Defendant's products are sponsored, licensed or otherwise approved by, or are in some way connected or affiliated with Suncast.

26. Further, Defendant's use of the "SUNCAST" mark is likely to cause confusion, due to, at least, the relatedness of the goods, identity of the marks, and the marketing channels used.

27. Core Innovations' marketing and sale of goods related to patio, garden and outdoor products sold under the SUNCAST® mark, and which are complementary to their use, is likely to cause confusion, mistake, or deception as to Core Innovations' affiliation, connection or association with Suncast, or as to the origin, sponsorship, or approval of Core Innovations' goods or commercial activities.

28. Defendant's misappropriation has been, and continues to be done, with the intent to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of Defendant's products. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

29. Core Innovations' conduct alleged herein is knowing, intentional, and willful.

30. Core Innovations' unlawful use of the SUNCAST® trademark has occurred, is occurring and will continue to occur without the authority or license of Suncast.

31. Unless enjoined, Defendant's infringement has caused and will continue to cause

Suncast immediate and irreparable injury. Accordingly, Suncast is entitled to injunctive relief under 15 U.S.C. § 1116 because the irreparable injury is in an amount not yet ascertainable, and for which Suncast has no adequate remedy at law.

32. As a direct and proximate result of Defendant's conduct, Suncast is entitled to damages, the equitable remedy of an accounting for a disgorgement of all revenues and/or profits wrongfully derived by Defendant through its infringement and all attorney fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT II
### (False Designation of Origin)

33. This Count alleges False Designation of Origin in violation of 15 U.S.C. § 1125(a). Suncast incorporates the allegations in paragraphs 1 through 20, 23 and 26-27, above, as if alleged herein.

34. Defendant has used and is continuing to use in commerce false and misleading designations of origin concerning Defendant's products and Suncast's products and services.

35. Defendant's false designations of origin are likely to cause confusion regarding the affiliation, connection, or association of Defendant's products with Suncast or as to the origin, sponsorship, or approval of Defendant's products.

36. Defendant has caused and will continue to cause its false and misleading designations of origin and descriptions of fact to enter interstate commerce.

37. Suncast has been or is likely to be injured as a result of the false and misleading designations of origin and description of fact by the lessening of the goodwill associated with Suncast's products.

38. By reason of Defendant's actions, Suncast has suffered irreparable harm. Unless Defendant is restrained from its actions, Suncast will continue to be irreparably harmed.

39. Suncast has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendant's acts are allowed to continue, and is thus entitled to injunctive relief.

40. As a direct and proximate result of Defendant's conduct, Suncast is entitled to damages, the equitable remedy of an accounting for, and disgorgement of, all revenues and/or profits wrongfully derived by Defendant through their infringement and all attorney fees and costs incurred by Suncast pursuant to 15 U.S.C. § 1117.

**COUNT III**
**(Trademark Dilution)**

41. This Count alleges Trademark Dilution in violation of 15 U.S.C. § 1125(c). Suncast incorporates the allegations in Paragraphs 1 through 20, 23, above, as if alleged herein.

42. Suncast's SUNCAST® trademark is inherently distinctive to the public and the trade with respect to goods and services.

43. The SUNCAST® Mark is owned by Suncast and is famous as defined by 15 U.S.C. § 1125(c)(2), in that the mark is widely recognized by the general consuming public as identifying goods or services having originated from Suncast.

44. Suncast's SUNCAST® trademark became famous long prior to Core Innovations' first use of the identical SUNCAST trademark alleged herein.

45. Defendant's use and appropriation of the SUNCAST® Mark has caused and continues to cause harm to the distinctive quality of the SUNCAST® Mark by lessening the capacity of the marks to identify and distinguish Suncast's goods from those of others.

46. Core Innovations' marketing and sales of goods under the SUNCAST® trademark has caused, is causing, and will continue to cause serious and irreparable injury and damage to Suncast and the goodwill associated with Suncast's famous SUNCAST® trademark by diluting, tarnishing and blurring its distinctive quality.

47. Defendant's actions constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48. Defendant willfully intended to trade on Suncast's reputation and/or to cause dilution of its marks.

49. Core Innovations' conduct alleged herein has occurred, is occurring and will continue to occur without the authority or license of Suncast. Such conduct has caused, is causing, and will continue to cause injury to Suncast, unless and until Core Innovations is enjoined from doing so by this Court.

## COUNT IV
### (Trademark Cancellation)

50. Suncast repeats and incorporates paragraphs 1 through 30, above, as if set forth fully herein.

51. Defendant Core Innovations owns a federal trademark registration for SUNCAST, U.S. Registration No. 6,199,976, attached as Exhibit "F" hereto.

52. Defendant's use of SUNCAST infringes upon Suncast's common law rights in the mark in connection with outdoor related products, including, without limitation, plastic, metal and wood products and structures including: outdoor furniture such as outdoor cabinets, chairs, benches and tables; patio accessories; outdoor structures such as gazebos, arbors, pergolas, pavilions, playhouses, pool houses and sun houses; carts; sheds; deck boxes; planters; edging and fencing;

garden scooters; garden stations; pet products such as dog houses, pet feeders; storage sheds and accessories; hose reels; decorative hose reels, and so forth.

53. Defendant's use of SUNCAST has caused actual confusion and is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products are provided by Suncast, affiliated with Suncast's products, are associated or connected with Suncast, or have Suncast's sponsorship, endorsement, or approval.

54. Unless this Court issues an Order directing the United States Patent and Trademark Office to cancel Defendant's '976 Registration, Suncast will continue to suffer irreparable injury, loss of reputation, and pecuniary damages for which Suncast has no adequate remedy at law.

## COUNT V
### (Common-Law Unfair Competition)

55. This Count alleges common-law unfair competition under the laws of the State of Illinois. Suncast incorporates the allegations in paragraphs 1 through 20, 23 and 25-26, above, as if alleged herein.

56. Suncast is the prior user of the SUNCAST® Mark.

57. Suncast's SUNCAST® Mark is inherently distinctive and has acquired secondary meaning.

58. Core Innovations is using an identical, confusingly similar trademark to identify related or complementary goods.

59. Core Innovations' use of the SUNCAST® Mark is likely to cause confusion, mistake, or deception as to Core Innovations' affiliation, connection or association with Suncast, or as to the origin, sponsorship, or approval of Core Innovations' goods, services, or commercial activities.

60. Core Innovations' conduct alleged herein is knowing, intentional, and willful.

61. Core Innovations' unlawful use of the SUNCAST® Mark has occurred, is occurring and will continue to occur without the authority or license of Suncast. Such use has caused, is causing, and will continue to cause injury to Suncast, including irreparable injury and damages, unless and until Core Innovations is enjoined from doing so by this Court.

## DEMAND FOR JURY TRIAL

Suncast requests that all issues in this case by tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Suncast respectfully prays the Court grant it the following relief:

A. Entry of judgment that:

    a. Defendant infringed Suncast's SUNCAST® Marks under §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), respectively; and

    b. Defendant has committed false designation under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

    c. Defendant has diluted the distinctiveness of the SUNCAST® Marks, and has done so willfully under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

    d. Defendant has engaged in unfair competition;

    e. Suncast is entitled to actual damages due to Defendant's violation of §§ 32 and 43(a) and (c) of the Lanham Act;

    f.  Suncast is entitled to disgorgement of Defendant's profits obtained from the infringing conduct;

    g.  That this is an exceptional case under 15 U.S.C. §1117, entitling Suncast to recover its attorneys' fees in this action;

  B.  Entry of judgment that Defendant and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith be permanently enjoined from:

    a.  Using the SUNCAST® Mark in connection with any goods related to those of Suncast;

    b.  Using any trademark which consists of or incorporates "SUNCAST"or any other trademark that is confusingly similar to the SUNCAST® Mark, in connection with the offering of any goods related to those of Suncast;

    c.  Using "SUNCAST" alone or in combination with other words, letters and/or symbols, in any manner which misleads, confuses or deceives or is likely to mislead, confuse or deceive the public;

    d.  Competing unfairly with Suncast or otherwise injuring Suncast's business reputation in the manner complained of herein; and

    e.  Instructed to amend its website and marketing materials to conform with the foregoing paragraphs and to send corrective statements to all customers who have purchased or inquired about Defendant's goods.

  C.  A judgment Pursuant to 15 U.S.C. § 1118 instructing Defendant deliver up for destruction all advertisements, promotional materials, labels, signs, prints,

packages, wrappers, receptacles, business cards, stationery, and all other materials in the possession or under the control of Defendant bearing or including "SUNCAST" or any other reproduction, copy or colorable imitation of Suncast's SUNCAST® Mark and all plates, molds, matrices and any other means of making or duplicating the same to Suncast.

D. A judgment ordering that the Director of the U.S. Patent and Trademark Office cancel all, or specified parts of, the Defendant's Trademark Registration No. 6,199,976 for "SUNCAST".

E. The Court award such other and further relief as it deems appropriate.

Respectfully submitted,

/s/ Edward F. McHale
Edward F. McHale
Illinois Bar No. 90784500
Michael A. Slavin
Illinois Bar No. 6202313
David J. Zelner
Illinois Bar No. 6285280
McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6572
E-mail: litigation@mchaleslavin.com
litigation@mchaleslavin.com
*Attorneys for Suncast Corporation*